**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 22 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MANUEL DE JESUS MEJIA-BERMUDEZ, AKA Carlos Hernandez-Bermudez,<br><br>Petitioner,<br><br>v.<br><br>WILLIAM P. BARR, Attorney General,<br><br>Respondent. | No.   18-73023<br><br>Agency No. A200-696-353<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 15, 2019**

Before:    FARRIS, LEAVY, and RAWLINSON, Circuit Judges.

Manuel De Jesus Mejia-Bermudez, a native and citizen of El Salvador,

petitions for review of the Board of Immigration Appeals' ("BIA") order

dismissing his appeal from an immigration judge's decision denying his

---

\*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).  Petitioner's request for oral argument is denied.

application for withholding of removal.  We have jurisdiction under 8 U.S.C.

§ 1252.  We review the denial of withholding of removal for substantial evidence,

and we review questions of law de novo.  *Guo v. Sessions*, 897 F.3d 1208, 1212

(9th Cir. 2018).  We deny the petition for review.

We reject Mejia-Bermudez's contention that the BIA applied an incorrect

legal standard in considering whether the record as a whole, including evidence of

gang threats and extortion, established past persecution.  *See Duran-Rodriguez v.*

*Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019) (relying on all of the surrounding events

to decide whether there was persecution).  Substantial evidence supports the

agency's conclusion that the past harm Mejia-Bermudez suffered in El Salvador

did not rise to the level of persecution.  *See id.* (threats rise to the level of

persecution only when they are so menacing as to cause significant actual suffering

or harm); *He v. Holder*, 749 F.3d 792, 796 (9th Cir. 2014) (persecution may be

established by a substantial economic disadvantage that interferes with the

applicant's livelihood).  Substantial evidence also supports the BIA's finding that

Mejia-Bermudez failed to establish a clear probability of future persecution.  *See*

*Tamang v. Holder*, 598 F.3d 1083, 1094-95 (9th Cir. 2010) (fear of future

persecution was not objectively reasonable).  Thus, Mejia-Bermudez's withholding

of removal claim fails.

The BIA did not err in denying Mejia-Bermudez's motion to terminate proceedings.  *See Karingithi v. Whitaker*, 913 F.3d 1158, 1160-62 (9th Cir. 2019) (initial notice to appear need not include time and date information to vest jurisdiction in the immigration court).

**PETITION FOR REVIEW DENIED.**